UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DANIEL E. MOXHAM,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　**CASE NO.:**

**HOLMES REGIONAL MEDICAL**
**CENTER, INC.,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Daniel E. Moxham, by and through undersigned counsel, brings this action against Defendant, Holmes Regional Medical Center, Inc., and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA"), the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Brevard County, Florida.

## PARTIES

4. Plaintiff is a resident of Brevard County, Florida, and he worked at Holmes Regional Medical Center, Inc., in Melbourne, in Brevard County for Defendant.

5. Defendant operates a full service hospital in Brevard County, Florida.

## GENERAL ALLEGATIONS

6. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

7. At the time of these events, Plaintiff was an employee of Defendant, and he worked at least 1250 hours in the 12 months preceding his request for leave under the FMLA.

8. Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

9. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADEA.

11. At all times material hereto, Defendant employed twenty (20) or more employees. Thus, Defendant is an "employer" within the meaning of the ADEA.

12. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA.

13. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

14. Plaintiff has satisfied all conditions precedent, or they have been waived.

15. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

16. Plaintiff requests a jury trial for all issues so triable.

## FACTS

17. Plaintiff began working for Defendant as a Senior Quality Trauma Analyst on or around May 2018.

18. At all times relevant to the facts alleged in this Complaint, Plaintiff suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA. Specifically, Plaintiff has had issues with his spine and was due to schedule his fourth spinal surgery.

19. Plaintiff is a qualified individual with a disability.

20. At the time of termination, Plaintiff was fifty-five years old.

21. Thus, Plaintiff is a member of a protected class on account of his age, and as such benefits from the protections of the FCRA and ADEA.

22. Plaintiff is also a member of a protected class on account of his disability, and as such benefits from the protections of the FCRA and ADA.

23. Plaintiff had been working with his physicians to schedule his surgery and had informed Defendant that upon finalization of a date for the surgery, he would be submitting his FMLA certification paperwork or requesting a leave of absence.

24. Defendant, through Doctor Tinti, preemptively placed Plaintiff on a Performance Improvement Plan ("PIP") on or about April 26, 2019, with a goal of completion in ninety days.

25. After placing Plaintiff on the PIP, Defendant terminated Doctor Tinti, and Defendant did not follow up with Plaintiff regarding the PIP.

26. Defendant then placed Plaintiff under the supervision of Gaylen Tips who revived the PIP on or about August 2, 2019, and extended it for another three months, approximately November, knowing Plaintiff was in the process of scheduling surgery.

27. Instead of allowing Plaintiff the agreed upon time to meet the goals of the PIP, which included subjective goals such as "using hair gel," Defendant terminated Plaintiff on September 27, 2019.

28. Instead of permitting Plaintiff to submit his FMLA paperwork or request a leave of absence pursuant to the ADA and the FCRA, Defendant terminated Plaintiff and, at the time of his firing, the two personnel that communicated his termination to Plaintiff were aware of and knew about Plaintiff's intention to submit his FMLA certification and/or request a leave of absence pursuant to the ADA.

29. Plaintiff had completed the FMLA certification paperwork and attempted to turn it in on the day of his termination but Defendant would not accept the paperwork.

30. Instead, Plaintiff submitted the FMLA certification paperwork to Defendants Human Resources. The request was denied.

31. Defendant denied Plaintiff's request for a leave of absence pursuant to the ADA and the FCRA.

32. On or about September 27, 2019, Plaintiff's employment was terminated for his impending need for FMLA protected leave request, or an ADA leave of absence, that should have been protected by the FMLA and the ADA.

33. Plaintiff's employment was also terminated for his age in violation of the ADEA, as other younger employees were not terminated for not attaining goals on their PIP prior to the expected dates provided by Defendant.

34. Plaintiff exercised his rights under the FMLA by requesting leave to care for himself, and in requesting a leave of absence pursuant to the ADA and the FCRA.

35. By terminating Plaintiff's employment, Defendant violated Plaintiff's rights under the FMLA, the ADA, the FCRA, and the ADEA.

## COUNT I – FMLA INTERFERENCE

36. Plaintiff realleges and readopts the allegations of paragraphs 1-9, 14-18, 23-30, 32, and 34-35 of this Complaint, as fully set forth herein.

37. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

38. By terminating Plaintiffs employment for needing FMLA protected leave, and Plaintiff's request for leave, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

39. Defendant's actions were willful and done with malice.

40. Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    (a) That this Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

    (b) An injunction restraining continued violation of the FMLA by Defendant;

    (c) Compensation for lost wages, benefits, and other remuneration;

    (d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits, or, in

the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

41. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-9, 14-18, 23-30, 32, and 34-35 of this Complaint, as fully set forth herein.

42. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

43. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise his FMLA rights.

44. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating Plaintiffs employment.

45. Defendant's actions were willful and done with malice.

46. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant ;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

### COUNT III –ADA VIOLATION
### (DISABILITY DISCRIMINATION)

47. Plaintiff realleges and readopts the allegations of paragraphs 1-5, 12, 14-17, 19, 22-28, 31-32, and 34-35 of this Complaint, as though fully set forth herein.

48. Plaintiff is a member of a protected class under the ADA.

49. Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and/or perceived disability.

50. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a leave of absence as a reasonable accommodation.

51. Defendant's actions were willful and done with malice.

52. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

    **WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter an injunction restraining continued violation of the ADA;

d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## COUNT IV – ADA RETALIATION

53. Plaintiff realleges and readopts the allegations of paragraphs 1-5, 12, 14-17, 19, 22-28, 31-32, and 34-35 of this Complaint, as though fully set forth herein.

54. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

55. Plaintiff engaged in protected activity under the ADA by requesting a leave of absence as a reasonable accommodation.

56. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

57. Defendant's actions were willful and done with malice.

58. The adverse employment action that Defendant took against Plaintiff was material.

59. Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d) That this Court enter an injunction restraining continued violation of the ADA;

e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## COUNT IV – ADEA VIOLATION

60. Plaintiff realleges and readopts the allegations of paragraphs 1-5, 10-11, 14-17, 20-21, 23-27, 33, and 35 of this Complaint, as though fully set forth herein.

61. As an individual who is over forty years of age, Plaintiff is a member of a protected class under the ADEA.

62. Plaintiff was subjected to disparate treatment based on her age.

63. Defendant's actions were willful and done with malice.

64. Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of the ADEA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to her prior position with back pay plus interest, or in the alternative, front pay;

f) Liquidated damages in an amount equal to Plaintiff's total damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## COUNT V – FCRA VIOLATION
### (HANDICAP DISCRIMINATION)

65. Plaintiff realleges and readopts the allegations of paragraphs 1-5, 10-17, 19-28, 31-33, and 35 of this Complaint, as though fully set forth herein.

66. Plaintiff is a member of a protected class under the FCRA.

67. Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability.

68. Defendant's actions were willful and done with malice.

69. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

  f)  Punitive damages;

  g)  Prejudgment interest on all monetary recovery obtained.

  h)  All costs and attorney's fees incurred in prosecuting these claims; and

  i)  For such further relief as this Court deems just and equitable.

## COUNT VI—FCRA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

70. Plaintiff realleges and readopts the allegations of Paragraphs 1-5, 10-17, 19-28, 31-33, and 35 of this Complaint, as though fully set forth herein.

71. Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

72. Defendant failed to provide Plaintiff with a reasonable accommodation for handicap, and shortly thereafter, terminated Plaintiff's employment.

73. Defendant's actions were willful and done with malice.

74. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

  **WHEREFORE** Plaintiff demands:

  a)  A jury trial on all issues so triable;

  b)  That process issues and that this Court take jurisdiction over the case;

  c)  An injunction restraining continued violation of the law enumerated herein;

  d)  Compensation for lost wages, benefits, and other remuneration;

  e)  Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

  f)  Compensatory damages, including emotional distress, allowable at law;

  g)  Punitive damages;

      h)      Prejudgment interest on all monetary recovery obtained;

      i)      All costs and attorney's fees incurred in prosecuting these claims; and

      j)      For such further relief as this Court deems just and equitable.

## COUNT VII – FCRA RETALIATION

75.      Plaintiff realleges and readopts the allegations of paragraphs 1-5, 10-17, 19-28, 31-33, and 35 of this Complaint, as though fully set forth herein.

76.      Plaintiff is a member of a protected class under the FCRA.

77.      Plaintiff engaged in protected activity under the FCRA by requesting an accommodation.

78.      Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

79.      Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of Plaintiff's job with Defendant.

80.      Defendant's actions were willful and done with malice.

81.      Defendant took material adverse action against Plaintiff.

82.      Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

      ***WHEREFORE***, Plaintiff demands:

      a) A jury trial on all issues so triable;

      b) That process issue and that this Court take jurisdiction over the case;

    c)      That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising rights under the FCRA;

    d)      Compensation for lost wages, benefits, and other remuneration;

    e)      Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

    f)      Front pay;

    g)      Any other compensatory damages, including emotional distress, allowable at law;

    h)      Punitive damages;

    i)      Prejudgment interest on all monetary recovery obtained.

    j)      All costs and attorney's fees incurred in prosecuting these claims; and

    k)      For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 10th day of November, 2020.

                  Respectfully submitted,

                  */s/ Brandon J. Hill*
                  **BRANDON J. HILL**
                  Florida Bar Number: 0037061
                  Direct Dial: 813-337-7992
                  **AMANDA E. HEYSTEK**
                  Florida Bar Number: 0285020
                  Direct Dial: 813-379-2560
                  **WENZEL FENTON CABASSA, P.A.**
                  1110 N. Florida Avenue, Suite 300
                  Tampa, Florida 33602
                  Main Number: 813-224-0431

              Facsimile: 813-229-8712
              Email: bhill@wfclaw.com
              Email: aheystek@wfclaw.com
              Email: aketelsen@wfclaw.com
              **Attorneys for Plaintiff**