UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **DANIEL E. MOXHAM,**<br><br>      **Plaintiff,**<br><br>      v.<br><br>**HOLMES REGIONAL MEDICAL CENTER INC.,**<br><br>      **Defendant.** | **CASE NO.:  6:20-cv-02079-CEM-DCI** |

### DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AND DISMISS ACTION/DENY REOPENING OF THIS ACTION, WITH INCORPORATED MEMORANDUM OF LAW

Defendant, Holmes Regional Medical Center, Inc., pursuant to M.D. Fla. Local R. 3.01 and 3.08 and Fed. R. Civ. P. 7 and 41, files this Motion to Enforce Settlement and Dismiss/Deny Reopening of this Action (the "Motion"), and seeks an Order which enforces the settlement reached between the parties on December 24, 2020, and rejects any attempt to reopen this case, which was dismissed with prejudice by the Court on January 4, 2021 (**Dkt. 14**).

Specifically, on December 24, 2020, the parties, through their respective authorized counsel,  reached agreement settling this matter on the following terms: (a) Defendant would pay Plaintiff a certain, confidential sum in full and final settlement of Plaintiff's claims, inclusive of attorneys' fees, costs and interest; and

(b) Defendant would provide a neutral job reference and change Plaintiff's termination to a resignation (the "Settlement"). The Settlement was to be reduced to a written agreement, providing for dismissal of the Complaint with prejudice, and other standard terms included in a standard settlement agreement and general release reflecting these terms.

The parties filed a Joint Notice of Settlement [**Dkt. 13**] that same day, agreeing to finalize language in the settlement agreement in January 2021, and thereafter request final dismissal with prejudice of this action. The Court thereafter dismissed the case with prejudice on January 4, 2020, subject to re-opening for good cause shown within 60-days of the Order. [**Dkt. 14**].

Good cause was not and cannot be shown within those 60 days; a proposed settlement agreement was forwarded to Plaintiff's counsel in January 2021, and no comments or objections to the specific proposed agreement language or terms were received; instead Plaintiff's counsel contacted Defendant's counsel and indicated he planned to withdraw due to a conflict, for reasons he could not disclose, and he filed a motion reflecting same on March 2, 2021 [**Dkt. 15**], on the eve of expiration of the 60 days.

Defendant seeks enforcement of the Settlement, and maintains that good cause does not exist to reopen this case.

## INTRODUCTION AND BACKGROUND

On November 10, 2020, Plaintiff, a former employee of Defendant, filed an eight-count Complaint [**Dkt. 1**], asserting employment related claims arising under federal Family and Medical Leave Act (FMLA), the Florida Civil Rights Act (FCRA), the Americans with Disabilities Act (ADA), and the Age Discrimination in Employment Act (ADEA).

The parties, through their attorneys, had prior to this engaged in settlement discussions, which thereafter resumed throughout the months of November and December 2020. The settlement demands put forward by Plaintiff's counsel consisted solely of 1) a specific dollar demand and 2) a neutral reference. The negotiations thereafter centered around a specific dollar demand or figure to achieve settlement. The penultimate demand included a request for a certain dollar figure and "a neutral reference and switching his employment status from 'terminated' to 'resigned.'" Defendant's counsel in response explained Defendant's policy of not disclosing the reason for an employee's separation, and that it would agree not to disclose that information. The parties thereafter agreed the specific dollar amount, and agreed to file a Joint Notice of Settlement. A copy of the e-mail correspondence resulting in the Settlement is included as a composite **Exhibit A** hereto (redacted as to amounts negotiated).

The Court thereafter entered an Order [**Dkt. 14**] on January 4, 2021, dismissing the case with prejudice, "subject to the right of any party, within sixty days from the date of this Order, to move the Court to enter a stipulated form of final order or judgment, or, on good cause shown, to reopen the case for further proceedings." [Those sixty days expire March 5, 2021.]

Thereafter, a proposed Settlement Agreement and General Release agreement was prepared and forwarded to Plaintiff's counsel in January 2021. The language proposed by Defendant to meet Plaintiff's demand for a neutral reference/change in termination designation was:

> Health First[1] agrees to update Moxham's termination in its files to be deemed a voluntary resignation, and to provide a neutral employment reference for Moxham. Specifically, in response to any inquiry by an employer concerning Moxham, Health First will provide only dates of employment and the last position held by Moxham. In order for this provision to be effective, Moxham agrees to direct any employer seeking a reference from Health First to contact the Health First Human Resources Director of Associate Experience at the time the reference is sought; as of the date this Agreement is being executed by the parties, the HR Manager Director of Associate Experience is Rebecca Rockwell, who may be contacted at Rebecca.Rockwell@hf.org. This neutral reference provision is not applicable to any reference sought by Moxham and/or a prospective employer through any other current or former employee of Health First.[2]

---

[1]  Defendant is a Health First hospital, and part of the Health First healthcare system.

[2]  A copy of the full proposed confidential agreement will be provided in any evidentiary hearing directed by the Court, though Defendant maintains that no such hearing is needed given the facts present here (and Exhibit A).

This language plainly meets the terms demanded by Plaintiff as part of the final settlement. To date, Defendant's counsel has not been advised of or received any objection to the proposed agreement, or a request for a change to any language or terms included in the initial Settlement Agreement & General Release.

In subsequent conversations, Plaintiff's counsel has informed Defendant's counsel that there is a conflict between Plaintiff and his attorney, and that he would be forced to withdraw from the case, as reflected in the motion he filed on March 2, 2021 [**Dkt. 15**].

## MEMORANDUM OF LAW IN SUPPORT

It is well settled that the district courts have authority to enforce settlement agreements entered into between litigants in cases pending before them. *Kent v. Baker*, 815 F.2d 1395, 1400 (11th Cir. 1987); *BP Products North America v. Oakridge at Winegard, Inc.*, 469 F. Supp. 2d 1128, 1133 (M.D. Fla. 2007). Agreements not memorialized in signed documents, such as oral settlement agreements, are enforceable under both federal and Florida law. *BP Products,* 469 F. Supp. 2d at 1133; *Samra v. Shaheen Business and Investment Group, Inc.*, 355 F. Supp. 2d 483, 493 (D.D.C. 2005) (granting the employee's motion to enforce an oral settlement agreement consistent with Florida contract law); *Silva v. Silva*, 467 So. 2d 1065 (Fla. 3rd DCA 1985) (affirming the trial court's finding that the parties had orally agreed to the terms of a property settlement agreement and order of

enforcement); *see also State Farm Mutual Automobile Insurance Co. v. Interamerican Car Rental, Inc*., 781 So. 2d 500 (Fla. 3rd DCA 2001); *Boyko v. Ilardi*, 613 So. 2d 103 (Fla. 3rd DCA 1993). Generally, the question of whether a settlement is reached is adjudicated consistent with the contract law of the forum state. *Hayes v. National Service Industries*, 196 F. 3d 1252, 1254 (11th Cir. 1999) (affirming an order which granted the employer's motion to enforce settlement agreement, relative to federal discrimination claims, based upon Georgia law of contracts).

Under Florida law, settlement agreements are highly favored and will be enforced whenever possible. *Rhein Medical, Inc. v. Koehler,* 889 F. Supp. 1511, 1516 (M.D. Fla. 1995), *citing Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985).

In order for a settlement agreement to be enforceable, the parties must reach mutual agreement on every essential element of the proposed agreement. *Koehler,* 889 F. Supp. at 1516. Furthermore, "[u]ncertainty as to nonessential terms or small items will not preclude the enforcement of a settlement agreement." *BP Products*, 469 F. Supp. 2d at 1133.

Competent substantial evidence must support a trial court's finding that there was a meeting of the minds between the parties. *Id.* When that evidence exists, the court will enforce the agreement between the parties. *Id*.

In this case, there is competent substantial evidence that there was a meeting of the minds between the parties. *See* **Exhibit A**. Defendant offered a settlement amount on December 24, 2020 and the neutrality provision requested, and Plaintiff accepted this offer by email the same day.

Plaintiff's counsel also requested that the undersigned prepare the settlement agreement to memorialize the resolution in writing, and to send it to his attention in January, which Defendant's counsel did.[3] Plaintiff, through counsel, has expressed that he is not willing to move forward with the settlement for undisclosed reasons, weeks after accepting it. He has given no reasons why the settlement agreement should not be enforced, or what terms were not allegedly agreed or unacceptable.

Under these facts, this Court has the authority to enforce this settlement agreement in light of Plaintiff's improper attempt to avoid his obligations under the Settlement. *See generally Callaway v. Bell*, 2007 WL 2948584 (M.D. Fla. Oct. 10, 2007) (court adopted magistrate's Report and Recommendation where plaintiff failed to articulate any reason not to enforce settlement agreement other than general dissatisfaction with its terms).

---

[3] While Plaintiff's counsel appeared to suggest that his client would need to be happy with the wording in the final written agreement ("definitely need him to sign off on the final agreement's terms. But for now, subject to those caveats and the client's approval on the final agreement, we have a tentative deal"), there was no indication of any essential term that had not been met that was a condition to settlement. **Exhibit A**. Indeed, that is why a Notice of Settlement was filed.

Moreover, unless the existence or terms of a settlement agreement are genuinely disputed, adjudication of a motion to enforce a settlement agreement is a summary proceeding. *Koehler*, 889 F. Supp. at 1516 (adopting the magistrate judge's recommendation to grant defendant's motion to enforce settlement agreement based upon a transcript of a settlement meeting wherein the material terms of agreement were reached and evidence establishing that a draft settlement agreement was subsequently sent). *See also American Appraisal Associates, Inc. v. American Appraisal, Inc*., 531 F. Supp. 2d 1353, 1358 (S.D. Fla. 2008) (granting the plaintiff's motion to enforce a written settlement agreement, over the defendant's argument that it revoked acceptance before the plaintiff had an opportunity to sign it, reasoning that the physical act of signing a document is a mere formality where the parties clearly intended to be bound and the terms are clear, definite and capable of proof).

Here, the matter was settled on December 24, 2020 based upon the terms set forth above, and captured in Exhibit A. In the January 2021, a proposed Settlement Agreement and General Release, counsel for Defendant reduced to writing the terms of the Settlement and provided Plaintiff, through his counsel, with the agreement. Plaintiff has neither objected to the contents of the agreement, nor to the language of the agreement. Therefore, neither the existence nor the terms of the settlement are in dispute.

Good cause has not been shown for the Court to ignore these facts, and reopen the case.

Plaintiff has failed to comply with the terms of the settlement set forth in the Settlement Agreement and General Release.  Under these circumstances, where neither the existence nor the terms of the settlement reached between the parties are disputed, the Court has discretion to enforce the settlement without an evidentiary hearing.  *BP Products,* 469 F. Supp. 2d at 1133; *Samra*, 355 F. Supp. 2d at 493; *Koehler*, 889 F. Supp. at 1516; *American Appraisal, Inc.*, 531 F. Supp. 2d at 1358.

Therefore, the Court should enter an Order enforcing the settlement, and in accordance with the Court's January 4 Order, reject reopening of this action. Defendant also request reasonable attorney's fees that it has been forced to incur by Plaintiff's attempts to evade and avoid the Settlement that was agreed.

## **CERTIFICATE OF CONFERRAL**

Pursuant to Rule 3.01(g) of the Local Rules of the Middle District of Florida, undersigned counsel attests that Defendant contacted Plaintiff's counsel, Brandon J. Hill, in an effort to resolve the issues raised in this motion but the parties were unable to do so during a telephone conversation they had on Mach 4, 2021.

DATED this 4th day of March, 2021.

>Respectfully submitted,
>
>*/s/ Louis D. Wilson*
>Louis D. Wilson, Esquire
>Florida Bar Number 6227
>ldwilson@fordharrison.com
>
>FORD**HARRISON**LLP
>100 Rialto Place, Suite 610
>Melbourne, Florida  32901
>T (321) 724-5970 | F (321) 724-5979
>
>Attorneys for Defendant,
>*Holmes Regional Medical Center, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of March, 2021, the foregoing Motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a notice of electronic filing to the attorney of record for Plaintiff, Amanda E. Heystek, Esquire and Brandon J. Hill, Esquire, Wenzel Fenton Cabassa, PA, 1110 North Florida Avenue, Suite 300, Tampa, Florida 33602, via email at aheystek@wfclaw.com and bhill@wfclaw.com.

>*/s/ Louis D. Wilson*
>Attorney

WSACTIVELLP:12108819.2